UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| FALENCIA A. FAIR, ) | CASE NO. 1:19 CV 01181 |
| ) | |
| Plaintiff, ) | SENIOR JUDGE |
| ) | CHRISTOPHER A. BOYKO |
| vs. ) | |
| ) | |
| OHIO BELL TELEPHONE CO. *et al.*, ) | OPINION AND ORDER |
| ) | |
| Defendant. ) | |

**CHRISTOPHER A. BOYKO, SR. J.**:

This matter comes before the Court upon the Magistrate Judge's Report and Recommendation (Doc. 56), recommending the Court deny Plaintiff's Motion to Remand to State Court. (Doc. 55.) Plaintiff has filed an Objection to the Magistrate Judge's Report and Recommendation. (Doc. 61.) For the following reasons, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation and **DENIES** Plaintiff's Motion.

### BACKGROUND FACTS

The Magistrate Judge succinctly set forth both the procedural and factual background of this matter in her Report and Recommendation and the Court adopts those portions here.

However, in brief synopsis, this is a refiled action, originally filed in 2016 and dismissed without prejudice. (*See* Case No. 1:16-cv-00186-CAB, generally). In 2019, Plaintiff brought the action in Cuyahoga County Court of Common Pleas, again alleging discrimination claims arising under federal law. (Doc. 1-1.) Defendant Ohio Bell Telephone Co. ("Ohio Bell") filed a Notice of Removal to this Court. (Doc. 1.) Upon removal, Plaintiff appeared to take the position that

1

she would be opposing removal and was granted leave to file a brief setting out her arguments and legal authorities in opposition to the removal by July 10, 2019. (Doc. 12-2). Plaintiff Fair did not exercise the leave and did not file a brief in opposition to removal.

Since that time, Plaintiff Fair has participated in the litigation, both through counsel and now *pro se*, including appearing at oral argument regarding Ohio Bell's Motion for Summary Judgment on June 15, 2022. During argument, the parties addressed the issue of the Court's jurisdiction. (Doc. 50). Counsel for Ohio Bell indicated that it would be "extremely prejudicial" to remand the case to state court because it has been pending since 2016. (*Id.*). Fair, on the other hand, did not request a remand to state court, nor did she specifically oppose the Court's exercise of supplemental jurisdiction. (*Id.*).

After oral argument, and after an adverse recommendation by the Magistrate on summary judgment, Plaintiff Fair moved to remand the action back to state court. In her motion, Fair asserts that her case has been pending for several years and that she is now "being advised that it may[] be in [her] best interest to move [her] case to State Court." (Doc. 55).

## LAW & ANALYSIS

Upon objection to a Magistrate Judge's Report and Recommendation, the district court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3). After review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id*.

Objections must "address specific concerns" with the Report and Recommendation to "'focus attention on those issues . . . that are at the heart of the parties' dispute.'" *Howard. Sec'y of Health & Human Servs.,* 932 F.2d 505, 509 (6th Cir. 1991) (quoting *Thomas v. Arn,* 474 U.S.

140, 147, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985)). "[A]n objection preserves an issue when it explains and cites specific portions of the report which [the party] deems problematic." *Robert v. Tesson,* 507 F.3d 981, 994 (6th Cir. 2007) (citation and brackets omitted). General objections are insufficient to preserve any issues for review: "[a] general objection to the entirety of the magistrate [judge]'s report has the same effects as would a failure to object." *Howard*, 932 F.2d at 509. Objections of a *pro se* litigant are construed liberally. See *Haines v. Kerner,* 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972) (*pro se* pleadings are held to "less stringent standards than formal pleadings drafted by lawyers").

Plaintiff generally objects to the conclusions of the Report and Recommendation without any particularized argument. Plaintiff's Objection is largely a general restatement of her allegations. The only statements specifically referring to removal in Plaintiff's Objection to the Magistrate's recommendation are (1) "I guess I can't say much about [removal] yet. It quite literally does not make common sense to be in Federal Court without any Federal Charges" and (2) "I think State Court would increase my chances of finding an attorney." Neither of these statements meet the requirement that objections be specific.

Nevertheless, on *de novo* review of the record, the Court finds Fair had the opportunity in June 2019 to oppose removal when the Court granted leave to file a brief in support of her Memorandum in Opposition to Post Removal. (See Doc.12-2). She failed, neglected, or otherwise declined to exercise that leave. Her instant Motion to Remand – which is not based on any defect other than lack of subject matter jurisdiction and was filed over three years after removal – is untimely under 28 U.S.C. § 1447(c).

## CONCLUSION

Plaintiff failed to make a specific objection to the Report and Recommendation and this Court finds the Magistrate Judge set forth the appropriate law and standards and properly applied

it to the facts of this case. The Court **ADOPTS** the Magistrate Judge's Report and Recommendation and **DENIES** Plaintiff's Motion to Remand.

    **IT IS SO ORDERED.**

                                                 /s  Christopher A. Boyko
                                            **CHRISTOPHER A. BOYKO**
                                            **Senior United States District Judge**

**Dated: November 23, 2022**