UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| FALENCIA A. FAIR, | ) | CASE NO. 1:19 CV 01181 |
| | ) | |
| Plaintiff, | ) | SENIOR JUDGE |
| | ) | CHRISTOPHER A. BOYKO |
| vs. | ) | |
| | ) | |
| OHIO BELL TELEPHONE CO. *et al.*, | ) | OPINION AND ORDER |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, SR. J.**:

This matter comes before the Court upon Magistrate Judge Armstrong's Report and Recommendation (Doc. 52), recommending the Court grant Defendant's Motion for Summary Judgment and dismiss Plaintiff's Amended Complaint with prejudice. Plaintiff has filed an Objection to the Report and Recommendation (Doc. 57), and Defendant has filed a Response to those Objections. (Doc. 62.) For the following reasons, the Court **ADOPTS** Magistrate Judge Armstrong's Report and Recommendation, **GRANTS** Defendant's Motion for Summary Judgment and **DISMISSES** Plaintiff's Amended Complaint with prejudice.

### BACKGROUND

The Magistrate Judge thoroughly set forth both the procedural and factual background of this matter in her Report and Recommendation and the Court adopts those portions here.

In brief synopsis, Plaintiff's Amended Complaint (Doc. 21) asserted six claims against Defendant: disability discrimination, disability-based hostile work environment harassment, failure to accommodate, race discrimination, age discrimination and retaliation. On summary

1

judgment, Defendant argued that each of those claims failed as a matter of law and supported its motion with competent evidence in the form of declarations from Richard Plant (Defendant's Lead Labor Relations Manager) and Susan HagEstad (Litigation Manager at Sedgewick Claims Management Services, Defendant's third-party administrator for disability claims), with supporting document exhibits. (Doc. 45.) Plaintiff opposed Defendant's motion and offered nearly 200 pages of documents which Plaintiff contends demonstrates genuine issues of material fact. (Doc. 47.) Defendant replied. (Doc. 49.) The Magistrate Judge evaluated the parties respective arguments and found that Plaintiff had not met her burden under Fed.R.Civ.P. 56 to present competent evidence demonstrating a genuine issue of material fact requiring her claims to be submitted to a jury.

Specifically, the Magistrate Judge found that Plaintiff had (1) offered no evidence that created a genuine issue of material fact as to whether she was disabled as defined under the anti-discrimination statutes, or that Defendant regarded her as disabled, (2) failed to establish a *prima facie* case of race or age discrimination, (3) failed to establish a genuine issue of material fact whether Defendant's proffered reasons for its alleged adverse actions were pretexts for race or age discrimination, and (4) failed to establish a genuine issue of material fact whether a causal link exists between the protected activity and the alleged adverse employment actions. (Doc. 52.)

The Magistrate Judge noted that Defendant offered in a footnote that Plaintiff's claims are barred by laches because Plaintiff exercised no diligence in pursuing her claims and Defendant has been prejudiced by her conduct but recommended that the matter be addressed on its merits rather than on the equitable defense. (Doc. 52.) The Magistrate Judge also

2

recommended that the Court continue to exercise supplemental jurisdiction over this matter despite Plaintiff's state law-only claims.  (*Id.*)

Plaintiff objected to the Magistrate Judge's report and recommendation, arguing generally that the "material facts of Attendance & [Defendant's] credibility are for the jury to decide." (Doc. 57.)  Specifically, Plaintiff's objection contends Defendant presented falsified attendance records which allegedly demonstrate that she was disabled or perceived as disabled and merely repeats her arguments in opposition to summary judgment and the basis of her claims.  (*Id.*)  Plaintiff also submitted documents which she contends demonstrates that her termination was not the result of her work attendance history, but because of disability.

Defendant replied, arguing that general objections do not meet the Fed. R. Civ. P. 72(b)(2)'s specificity requirement and that restatements of prior arguments without anything more are not proper objections entitled to review.  (Doc. 62.)

## LAW & ANALYSIS

Upon objection to a Magistrate Judge's Report and Recommendation, the District Court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3).  After review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also Neal v. Ellis,* No. 13-1503, 2014 U.S. App. LEXIS 25116, at *7 (6th Cir. July 17, 2014).

Objections must "address specific concerns" with the Report and Recommendation to "'focus attention on those issues . . . that are at the heart of the parties' dispute.'" *Howard. Sec'y of Health & Human Servs.,* 932 F.2d 505, 509 (6th Cir. 1991) (quoting *Thomas v. Arn,* 474 U.S. 140, 147, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985)).  "[A]n objection preserves an issue when it

3

explains and cites specific portions of the report which [the party] deems problematic." *Robert v. Tesson,* 507 F.3d 981, 994 (6th Cir. 2007) (cleaned up). General objections are insufficient to preserve any issues for review: "[a] general objection to the entirety of the magistrate [judge]'s report has the same effects as would a failure to object." *Howard*, 932 F.2d at 509. Objections of a *pro se* litigant are construed liberally. See *Ratliff v. U.S.,* 999 F.2d 1023, 1026 (6th Cir. 1993).

The Report and Recommendation observed "this dispute centers upon whether Fair was disabled, suffered an adverse employment action, was qualified for the position, and was treated differently than similarly situated, non-protected employees." (Doc. 52.) The Magistrate Judge extensively examined the law and the record and found evidence of carpal tunnel surgeries in 2012 and 2013, and short-term disability leaves of absences. However, the evidence was insufficient to establish as a matter of law that Defendant was disabled or that Plaintiff regarded her as disabled as defined under the statute. The Magistrate judge ultimately found Defendant "offered no evidence that created a genuine issue of material fact as to whether she was disabled as defined under the anti-discrimination statutes, or that [Defendant] regarded her as such." (*Id.*) Similarly, the Magistrate Judge found that Plaintiff has failed to establish a genuine issue of material fact regarding whether Ohio Bell discriminated against her on the basis of her race or age, or whether a causal link exists between protected activity and the alleged adverse employment actions. (*Id.*)

Plaintiff's objection to the Report and Recommendation it is largely a narrative recitation of Plaintiff's perception of the facts of the case and their application to the law, rather than any specific objection demonstrating error. This is insufficient to trigger de novo review by this Court. *See Otworth v. Moulatsiotis,* No. 20-1303, 2020 U.S. App. LEXIS 33863, at *8 (6th Cir.

Oct. 27, 2020) ("Where a litigant fails to raise a specific objection, review of that matter is waived.") (citing *Alspaugh v. McConnell,* 643 F.3d 162, 166 (6th Cir. 2011)); see also *Frazier v. Woods,* No. 20-1325, 2020 U.S. App. LEXIS 35445, at *8 (6th Cir. Nov. 10, 2020) (general disagreement without specifically addressing the magistrate judge's findings or conclusions waives further review).

However, Plaintiff repeats her claim that documents attached to her objection demonstrate falsification by the Defendant and also the perception of her disability. (Doc. 57.) Although Plaintiff's objection does not meet the specificity requirement of Fed. R. Civ. P. 72, due to the seriousness of the charge of falsification, the Court has examined the proffered records and finds they do not support a conclusion that records were falsified or that Plaintiff was perceived as disabled. For example, the information in the records Plaintiff attached to its objection as A1-A4 match exactly those records provided by Defendant in summary judgment as Exhibit 3 to the Plant Declaration. Further, the records provided by Plaintiff do not establish that she was perceived by Defendant as disabled as a legal conclusion. The records demonstrate that Plaintiff had extensive absences from work, including full and partial days related to anxiety, hand pain, back pain and depression. The Magistrate Judge examined these records, or their analog, and reached the conclusion that merely having a medical condition and an employer's awareness of the condition, is not enough to establish disability or the perception of disability. The records attached to Plaintiff's objection merely repeat the same arguments made before the Magistrate Judge.

## CONCLUSION

Plaintiff's objection fails to make a specific argument against the Report and Recommendation sufficient to trigger review. The Court finds the Magistrate Judge set forth the appropriate law and standards and properly applied it to the facts of this case. The Court

**ADOPTS** the Magistrate Judge's Report and Recommendation, **GRANTS** Defendant's Motion for Summary Judgment and **DISMISSES** Plaintiff's Amended Complaint with prejudice.

    **IT IS SO ORDERED.**

        /s  Christopher A. Boyko
        **CHRISTOPHER A. BOYKO**
        **Senior United States District Judge**

**Dated: March 31, 2023**